UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOMONIQUE COLE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HUNTLEIGH USA CORPORATION<br><br>Defendant. | CIVIL ACTION NO. 4:19-cv-816<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**216(b) COLLECTIVE ACTION & RULE 23 CLASS ACTION**

### I. SUMMARY

1. Plaintiff Domonique Cole brings this suit as a collective action under the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA" or "the Act"), and as a Rule 23 class action asserting state law claims for unpaid straight-time compensation owed at a contractual hourly rate, on her behalf and on behalf of the members of the proposed classes defined below. Plaintiff and class members worked as hourly paid air craft technicians in cabin cleaning crews for commercial aircrafts at airports nationwide.[1] Plaintiff currently works as an air craft technician for Huntleigh USA Corporation (hereinafter referred to as "HUC" or "Defendant") at William P. Hobby Airport in Houston, Texas. Plaintiff and class members did not receive bona fide meal break periods. Instead, they were required and permitted to work off-the-clock for Defendant during their meal break periods and were not paid for such time.

---

[1] https://huntleighusa.com/aviationrelatedservices.html;
*see also* https://huntleighusa.com/clients.html  (listing various commercial airlines serviced by Defendant) (last visited on 3/6/19).

2. An employer is not required to pay an employee for meal periods if the employer can satisfy its burden of showing that the employee received a bona fide meal period. However, Defendant required air craft technicians to remain responsible for the cleaning of aircrafts throughout their shifts, including during meal periods. Air craft technicians frequently went without meals, and even when they did attempt to eat, their meal periods were regularly interrupted by work demands because flights are on tight schedules that fluctuate significantly every day. In short, Defendant used the air craft technicians' meal periods for the predominant benefit of HUC. Notwithstanding Defendant's practice of requiring air craft technicians to be available for work and to in fact work throughout their meal periods, Defendant employed timekeeping software which automatically deducted half an hour from the total time worked by air craft technicians each shift so as to account for these hypothetical meal periods, thereby enabling Defendant to receive the benefit of an additional 30 minutes of unpaid work for each shift worked by class members.

3. Defendant's practice of failing to relieve air craft technicians of their duties during meal periods, while simultaneously using timekeeping software to automatically deduct half an hour from the total time paid per shift (on the pretext of accounting for meal periods which air craft technicians were not in fact free to take without constant interruption), had the effect of depriving air craft technicians of overtime compensation due to them under the FLSA in the weeks in which they worked more than forty (40) hours in a week, and of depriving them of straight-time compensation at their contractual hourly rate in weeks in which they worked fewer than forty (40) hours in a week. On information and belief, all of HUC's non-exempt, air craft technicians were subjected to these illegal pay practices.

4. Plaintiff brings this suit under the collective action provisions of the FLSA because she and the putative class members are similarly situated under the FLSA in the following particulars: (a) they are or were hourly-paid air craft technicians subject to Defendant's company-

wide policy of automatic pay deductions for meal periods; (b) they are and were required and permitted to be available to perform uncompensated work during those meal periods, and in fact did perform uncompensated work during those periods; (c) the meal periods are and were predominantly for the benefit of Defendant; and (d) Plaintiff and class members suffered overtime wage losses as a result of Defendant's failure to pay wages at the federally required overtime rate for these half hour meal periods in the weeks in which the air craft technicians worked more than forty hours in a week.

5. In addition to the FLSA collective action claims, Plaintiff brings this action as a Rule 23 class action under Texas state law[2] because she and the class members are similarly situated in the following particulars: (a) Plaintiff and class members are or were hourly-paid air craft technicians who entered into employment agreements with Defendant pursuant to which Defendant promised to pay a specified hourly rate of pay for each and every hour worked by said air craft technicians; (b) Defendant breached the employment agreements by failing to pay Plaintiff and class members the agreed rate for all hours worked, specifically, by failing to pay for meal period work at the agreed hourly rate in the weeks in which class members worked 40 or fewer hours; (c) the mechanism by which Defendant shorted Plaintiff and class members of their pay was by the use of timekeeping software to deduct a half hour from each shift worked by class members for a supposed "meal break" despite regularly requiring and permitting the air craft technicians to perform compensable work during the unpaid "meal break"; and (d) Plaintiff and class members do not and did not receive pay for such "meal break work" and were damaged thereby.

---

[2] Plaintiff intends on seeking class certification under Rule23 for each state where Defendant operates. Plaintiff will amend her complaint to add additional state classes as it becomes appropriate.

6. Accordingly, Plaintiff is similarly situated to the following classes of employees:

**FLSA Class:**

**Air craft technicians employed at HUC nationwide at any time during the three years before this Complaint was filed up to the present who, as a result of Defendant's practice of automatically deducting a half hour from each shift worked and not paying for same, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said air craft technicians worked more than forty (40) hours per week.**

**Rule 23 Class:**

**Air craft technicians employed at HUC at any time during the four years before this Complaint was filed up to the present who, as a result of Defendant's practice of automatically deducting a half hour from each shift worked and not paying for same, did not receive all of the straight time pay at their contractual hourly rate to which they were entitled in the weeks of their employment in which said air craft technicians worked forty (40) or fewer hours per week.**

## II. SUBJECT MATTER JURISDICTION & VENUE

7. This Court has jurisdiction over the FLSA claims under 29 U S.C. § 216 et seq. and 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's Texas state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts, namely, the loss of wages suffered by Plaintiff and class members as a result of Defendant's policy of automatically deducting a half hour of meal break time from shifts worked while simultaneously requiring and permitting Plaintiff and class members to work during said meal break time.

9. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendant operates in the Southern District of Texas, and because the events giving rise to these claims occurred in this judicial district.

### III. PARTIES & PERSONAL JURISDICTION

10. Plaintiff Domonique Cole is an individual residing in Harris County, Texas. Plaintiff's written consent to be a party to this action is attached as Exhibit "1" to this Complaint.

11. Class Members are all of Defendant's current and former hourly-paid air craft technicians who work or worked at HUC during the time periods material to this suit, and who are due unpaid regular and/or overtime wages for compensable work performed during unpaid "meal breaks" as a result of Defendant's use of timekeeping software which deducted 30 minutes from each shift worked by class members.

12. Defendant Huntleigh USA Corporation ("HUC") is a Missouri corporation with its corporate office located at 545 E. John Carpenter Fwy, Suite 175, Irving, Texas 75062. The Court has personal jurisdiction over Defendants based on general and specific jurisdiction. For years, Defendant has done business in the state of Texas, and it continues to do business in the state of Texas.[3] Defendant may be served via service upon its registered agent for service, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA.

### IV. FLSA COVERAGE

13. At all material times, Defendant has been an employer within the meaning of Section 203(d) of the FLSA because it employed personnel to operate HUC.

14. At all material times, Defendant has been an enterprise in commerce within the meaning of Section 203(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce through the operation of HUC.

15. At all material times, Defendant has had an annual gross business volume in excess of $500,000 per year.

---

[3] https://huntleighusa.com/offices.html (listing numerous Texas locations; last visited on 3/6/19).

## V. FACTUAL BACKGROUND

16. Defendant is in the business of providing aviation security solutions and other services to commercial and private airline companies. Defendant's aviation services include aircraft cabin cleaning. Defendant's "… cleaning teams are **always on site and ready** to start the cleaning process."[4] This is necessary because aircraft land at all times of the day (many times not on schedule), and must be cleaned in-between flights quickly to avoid delays.

17. Plaintiff is an air craft technician who has worked for HUC as a W-2 employee from approximately August 8, 2018 to the present. On or about August 8, 2018, she agreed to provide her services as an air craft technician in exchange for Defendant's agreement to compensate her at a specified hourly rate for each of his hours worked. On information and belief, the agreed hourly rate was approximately $10 per hour.

18. Plaintiff and class members are regularly scheduled to work numerous six to ten-hour shifts per week at HUC. However, Plaintiff and the class members have the option to pick up additional shifts, and frequently do so. Accordingly, Plaintiff and class members regularly work more than 40 hours per week at HUC.

19. Plaintiff alleges that in each and every week of her employment, **and as a result of a common policy equally applicable to her and to every member of the class,** Defendant (a) failed to pay her the agreed hourly rate for some of her work performed in those weeks in which she worked forty (40) or fewer hours; and (b) failed to pay her at the time-and-one-half overtime rate required by federal law for some of her work performed in those weeks in which she worked more than forty (40) hours in a week. Specifically, she was not compensated at any rate whatsoever for thirty minutes of each of her shifts worked.

---

[4] https://huntleighusa.com/aviationrelatedservices.html (last visited on 3/6/19) (emphasis added).

<u>Uncompensated work during meal breaks.</u>

20.     HUC generated its payroll documentation for Plaintiff and class members by using time keeping software. The timekeeping software was configured to deduct half an hour of time from each shift worked by the air craft technicians. Each pay period, the amount of time tracked by the software, after deduction of half an hour per shift, was uploaded for processing into payroll processing software.

21.     All of HUC's hourly-paid air craft technicians are and were subject to Defendant's policy to automatically deduct one half hour per shift from the recorded time worked.

22.     Plaintiff anticipates that Defendant may attempt to argue that the half hour deductions from each shift worked were warranted so as to account for uninterrupted half hour lunch breaks during which no work was performed and for which no compensation is owed. In point of fact, however, Plaintiff and the other air craft technicians routinely worked through their lunch breaks, and even when they did manage to spend a few minutes eating, that time was regularly interrupted by other air craft technicians on duty, managers, HUC clients, and staff.

23.     Defendant is and was familiar with the demands of the airline industry in general and of providing cleaning services for aircraft that work at all hours of the day on inconsistent and time constrained schedules, and it deliberately chose to keep its labor costs down by staffing an insufficient number of personnel per shift – on information and belief, Defendant staffs only three air craft technicians per aircraft it services. Rather than hiring and staffing a sufficient number of air craft technicians per shift to allow them to take full, uninterrupted half hour meal breaks, Defendant required and permitted these overworked air craft technicians to work during their meal breaks for the benefit of Defendant. Defendant knew and expected that Plaintiff and class members would work through their unpaid "meal breaks," and this was in fact a daily occurrence at HUC. Defendant's supervisors and management routinely interrupted the meal breaks of Plaintiff and

class members and made work demands upon them. Defendant's supervisors and management were actively involved in scheduling the shifts worked by Plaintiff and the class, and they had actual knowledge that their staffing and work policies were causing Plaintiff and class members to work through meal breaks to the predominant benefit of Defendant.

24. Plaintiff and class members were not only required to remain at HUC during their shifts, including during the supposed "meal breaks," they were expected to remain available at all times so as to be able to clean aircraft at all times of the day and quickly so that it could embark on its next flight without delay. Plaintiff and class members were also required to respond to emergency calls from Defendant's clients for any unexpected cleaning service, including during any supposed "meal break." In short, far from ensuring that Plaintiff and class members were completely relieved of work duties during the supposed "meal breaks," Defendant expected and required Plaintiff and class members to attend to work demands throughout their shifts, including during any "meal break."

25. Defendant knew and/or had reason to know that Plaintiff and class members performed work during their unpaid "meal breaks," as evidenced by Defendant requiring Plaintiff and class members to remain at HUC and at their assigned airport areas during their shifts so as to be available to respond to work demands at any time during the shift, including during meal breaks. Moreover, Plaintiff and class members performed work for Defendant during the unpaid meal breaks in plain sight of Defendant's management, quite often at Defendant's management's specific request.

26. Despite Defendant's actual knowledge that Plaintiff and other class members worked during supposed "meal breaks," Defendant willfully failed to compensate Plaintiff and class members for such work, electing instead to accept the benefits of the class members' work without compensating them for such work.

8

27. Given that Defendant's supervisors and managers knew from direct observation and from their general knowledge of HUC's operations that Plaintiff and class members (a) regularly worked through the deducted meal break time without compensation; and (b) regularly accumulated overtime hours even after deduction of the uncompensated half hour per shift (as evidenced by the fact that HUC paid for overtime that still appeared in the timekeeping records even after deduction of the half hour per shift), Defendant had both actual and constructive knowledge that Plaintiff and class members were not being compensated for meal periods worked at any rate whatsoever, much less at the agreed hourly rate or at the federally mandated time-and-one-half rate required for overtime.

Calculation of damages.

28. Evidence reflecting the number of uncompensated meal break hours worked by each class member, as well as their applicable regular and overtime rate, is in the possession of Defendant. Actual damages can be calculated easily once Defendant has produced complete payroll records for the class. The absence of a bona fide meal break makes all meal break time compensable, and all that remains is to establish the number of shifts worked by class members in the weeks in which they worked more than 40 hours, and the number of shifts worked in which they worked fewer than 40 hours. Each shift worked will entitle class members to half an hour of pay at either their usual hourly rate or at their time-and-one-half rate, depending upon whether the week in question is one in which forty or fewer hours were worked, or one in which forty or more hours were worked. The information needed to calculate damages—specifically the dates of the shifts worked, the total number of hours worked per week, and the base hourly rate of pay for each worker—exists right now in Defendant's timekeeping and payroll databases. The damage calculation itself will be a straightforward accounting process.

## VI. COLLECTIVE ACTION ALLEGATIONS
## VIOLATION OF 29 U.S.C. § 207 - OVERTIME

29.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

30.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of the members of the putative class.

31.     The action is filed on behalf of all of Defendant's hourly-paid air craft technicians who worked at HUC during the three years preceding the filing of this action through entry of judgment in this case, whose overtime pay was docked pursuant to an automatic meal break deduction policy notwithstanding the fact that the air craft technicians performed compensable work during the supposed meal break periods (the "FLSA Class").

32.     This FLSA Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is currently unknown to Plaintiff, and although the data which would identify the size of the FLSA Class is within the sole control of Defendant, upon information and belief there are hundreds of air craft technicians encompassed by the class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

33.     Plaintiff will fairly and adequately protect the interests of the FLSA Class members and has retained counsel experienced and competent in the field of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with the interests of the members of the FLSA Class.

34.     A collective action is superior to individual adjudication of the claims at issue in this controversy, since the claims are substantially similar and since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it virtually

impossible for the members of the class to seek redress individually for the wrongs done to them. Management of the suit as a collective action will serve judicial economy.

35. Questions of law and fact common to the FLSA Class members predominate over questions that may affect only individuals because Defendant has acted on grounds generally applicable to all FLSA Class members. Among the common questions of law and fact common to Plaintiff and other collective action class members are:

a. whether Defendant employed class members in the manner that "employment" is understood and defined by the FLSA;

b. whether Plaintiff and the FLSA Class members were expected to and/or required to work during unpaid meal breaks, and in fact did so;

c. Whether Defendant's control of the conditions of the "meal break" was for the predominant benefit of HUC and whether it made such time compensable as a matter of law;

d. whether Defendant failed to pay Plaintiff and the FLSA Class members overtime compensation for some of their hours worked in excess of forty hours per workweek in violation of the FLSA, as a result of Defendant's automatic deduction of, and failure to pay for, a half hour meal break periods in each shift worked in weeks in which overtime hours were otherwise worked;

e. whether Defendant's violations of the FLSA were willful as that term is understood in the context of the FLSA; and

f. whether Defendant is liable for damages claimed hereunder, including but not limited to unpaid overtime wages, liquidated damages, attorneys' fees and costs.

36. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a collective action.

37. The FLSA 216(b) collective action class may be defined as:

**Air craft technicians employed at HUC nationwide during the three years before this Complaint was filed up to the present who, as a result of Defendant's practice of automatically deducting a half hour from each shift worked and not paying for same, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said air craft technicians worked more than forty (40) hours per week.**

11

## VII. TEXAS CLASS ACTION ALLEGATIONS

38. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

39. Pursuant to Fed.R.Civ.P. 23(a), (b)(2) and (b)(3) and 28 U.S.C. § 1367, Plaintiff seeks to prosecute her Texas state claims for breach of contract, quantum meruit and unjust enrichment as a class action on behalf of all hourly-paid air craft technicians who worked at HUC at any time during the four years preceding the filing of this action through entry of judgment whose pay has been docked by application of an automatic meal break deduction to their shifts worked in the weeks in which they did not work overtime (the "Rule 23 Class").

40. This Rule 23 Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is currently unknown to Plaintiff, and although the data which would identify the size of the Rule 23 Class is within the sole control of Defendant, upon information and belief there are hundreds of air craft technicians encompassed by the class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

41. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class Members and has retained counsel experienced and competent in the field of contract, compensation, and class action litigation. Plaintiff has no interest that is contrary to or in conflict with the interests of the members of the Rule 23 Class.

42. A class action is superior to individual adjudication of the claims at issue in this controversy, since the claims are substantially similar and since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the Rule 23 Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the class to individually seek redress for the wrongs done to them. Management of this suit as a class action will serve judicial economy.

43. Questions of law and fact common to the Rule 23 Class predominate over questions that may affect only individuals because HUC has acted on grounds generally applicable to all class members. Among the common questions of law and fact common to Plaintiff and other members of the Rule 23 Class are:

    a. whether agreements existed pursuant to which Defendant was to pay an hourly wage to Plaintiff and to members of the class for each hour of their work;

    b. whether Defendant failed to pay Plaintiff and members of the class for all hours worked as a result of its automatic deduction of a half hour meal period per shift, notwithstanding the fact that Plaintiff and class members regularly performed compensable work during such meal breaks;

    c. whether Defendant engaged in a continuing policy, pattern or practice of failing to pay Plaintiff and the class members for all hours worked;

    d. whether Defendant breached and continues to breach the employment agreements between it and the Plaintiff and class members;

    e. whether Defendant is liable for damages claimed hereunder, including but not limited to unpaid meal break time worked, attorneys' fees and costs.

44. Plaintiff's claims are typical of the claims of the Rule 23 Class. Plaintiff, like all other class members, was subject to HUC's policy and practice of automatically deducting a half hour of pay per shift worked even though Plaintiff performed compensable work throughout her shift. Plaintiff and each class member have been damaged and are entitled to recovery by reason of HUC's policies and practices. Class action treatment will allow class members to litigate their claims in a manner that is fair to all parties involved, free of fear of retaliation, and efficient for those parties and for the judicial system.

45. The Rule 23 Class members are defined as:

> **Air craft technicians employed at HUC at any time during the four years before this Complaint was filed up to the present who, as a result of Defendant's practice of automatically deducting a half hour from each shift worked and not paying for same, did not receive all of the straight time pay at their contractual hourly rate to which they were entitled in**

**the weeks of their employment in which said air craft technicians worked forty (40) or fewer hours per week.**

## VIII. DAMAGES SOUGHT

### A. <u>FLSA Collective Action Damages</u>.

46. Plaintiff and Collective Action Members are entitled to recover their unpaid overtime compensation.

47. Plaintiff and Collective Action Members are also entitled to an amount equal to all of their unpaid overtime compensation as liquidated damages. 29 U.S.C. § 207 and 216(b).

48. Plaintiff and Collective Action Members are also entitled to recover their attorney's fees and costs as provided for by the FLSA. 29 U.S.C. § 216(b).

### B. <u>Rule 23 Class Action Damages</u>.

49. Plaintiff and Rule 23 Class members are entitled to recover all damages incurred by them due to Defendant's breach of the employment agreements, specifically for a half hour of pay per shift worked in non-overtime weeks at their then-applicable contractual hourly rate.

50. Plaintiff and Rule 23 Class members are also entitled to recover their attorney's fees and costs incurred in prosecuting their claims for damages due to Defendant's breach of their employment agreements.

51. Plaintiff and Rule 23 Class members are also entitled to prejudgment and post-judgment interest.

## IX. PRAYER

### A. <u>FLSA COLLECTIVE ACTION RELIEF — OVERTIME</u>

For the foregoing reasons, Plaintiff respectfully requests judgment to be entered against Defendant awarding Plaintiff and the FLSA Class members:

1. overtime compensation for all unpaid overtime hours worked in excess of forty (40) in a week at the rate of one and one-half times their regular rates of pay;

2. an amount equal to the sum of the unpaid overtime compensation, as liquidated damages allowed under the FLSA;

3. reasonable attorney's fees, costs and expenses of this action as provided for by the FLSA;

4. pre-judgment and post judgment interest at the highest rates allowed by law on all damages; and

5. such other and further relief, at law or in equity, to which Plaintiff and the FLSA Class members may be entitled.

B. RULE 23 RELIEF FOR STATE LAW CLAIMS

Plaintiff further respectfully requests judgment to be entered against Defendant awarding Plaintiff and the Rule 23 Class members:

1. compensation for all unpaid hours worked in non-overtime weeks at their then-applicable hourly rates;

2. reasonable attorney's fees, costs and expenses of this action;

3. pre-judgment and post judgment interest at the highest rates allowed by law on all damages; and

4. such other and further relief, at law or in equity, to which Plaintiff and the Rule 23 Class members be entitled.

Respectfully submitted,
SHELLIST | LAZARZ | SLOBIN LLP

By: *s/ Robert R. Debes, Jr.*
Robert R. Debes, Jr.
Texas Bar No. 05626150
Fed. ID No. 12308
bdebes@eeoc.net
Ricardo J. Prieto
Texas Bar No. 24062947
Fed. ID No. 1001658
rprieto@eeoc.net

11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFF
& CLASS MEMBERS